GEORGE HERRICK *vs.* WILLIAM SULLIVAN.

Middlesex.    Jan. 11. — Sept. 8, 1876.    COLT & ENDICOTT, JJ., absent.

The fact that the driver of a horse drives him or stops him within fifty feet of a railroad crossing, and that the horse, frightened by the noise of the train, runs away and injures a person, does not, of itself, show, as matter of law, want of due care on the part of the driver.

TORT for personal injuries. Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions in substance as follows :

The facts in the case which were undisputed showed that the defendant had a contract with the city of Newton to convey scholars from Newton Upper Falls to the high school-house near Newtonville in the morning, and to go for them at the close of

the session in the afternoon; that he employed a person for this purpose to drive a horse and covered omnibus wagon to and from the school-house; that the driver the day of the accident drove to the school-house, and, without getting the scholars, finding that he was two or three minutes early, drove past the school-house about one fourth of a mile down across the railroad track into the village, stopped his horse in front of a watchmaker's shop about fifty feet from the track, and went into the shop to have some repairs made to his own watch; that he left the door ajar standing near the door some three feet from the horse where he could look at him; that after he had been in the shop about five or ten minutes, learning of the approach of a train, he ran out and took hold of the reins by the horse's head to hold him until the train passed by; the horse at first sprung forward some three feet, but the driver succeeded in checking him and got him quiet, when the train, which was a long freight train, made an unusual loud jarring noise, as of the sudden breaking up or stoppage of the train, causing the horse to start again; that the driver who had hold of the horse tried to stop him, and in the effort to check him was forced along the road some two hundred feet when the horse freed himself of the driver, ran down the road and came in contact with the plaintiff, a drover, who was on foot in the road driving cattle, and injured him.

It was further in evidence undisputed that the driver had no authority or permission from the defendant to go beyond the school-house or to use the horse and wagon for any purpose of his own; that he went to the watchmaker's on his own account and for his own business, and not for the purpose of executing the defendant's orders or doing his work; that the road to the watchmaker's was no part of his route between Newton Upper Falls and the school-house, but one fourth of a mile beyond it, which distance would have to be retravelled to return to the school-house; that the way from Newton Upper Falls to the school-house did not take him near the track of the railroad, and that, because of the accident, he did not on that day get the scholars and carry them to Newton Upper Falls.

The defendant contended that, as the act of the driver in going to the watchmaker's was not to execute his orders or to perform

the work for which he was employed, but was in disregard of that object and was for the driver's own purpose and business, the plaintiff could not recover of the defendant, and requested the judge so to rule. The judge refused so to rule, but ruled, as matter of law, that the defendant was liable and that the plaintiff could recover. The defendant alleged exceptions.

*F. S. Hesseltine*, for the defendant.

*G. W. Gordon*, for the plaintiff.

LORD, J. In construing this bill of exceptions, we do not consider ourselves at liberty to regard any of the facts relied upon as findings either of judge or jury; but rather as agreed or undisputed facts upon which the judge ruled as matter of law. In this view, we think the ruling of the presiding judge erroneous upon the question of due care on the part of the defendant's servant. We see no evidence of a want of reasonable care as matter of law. If there had been anything shown as to the character of the horse, or any circumstances which would have justified a tribunal in finding that the driving or stopping, in the proximity of a locomotive engine or train of cars, proved a want of reasonable care, such facts should appear; but the bill of exceptions finds that the facts were all undisputed, and that upon such undisputed facts the judge ruled as matter of law that the defendant was liable. This ruling goes to the extent that, if a person drives a horse near to where cars may pass, he is liable, as matter of law, for all damage which may be caused by the horse taking fright, though he uses every possible care and the utmost diligence to prevent the injury. We cannot adopt this view of the law. And, as the bill of exceptions does not show a finding as a fact of want of reasonable care, and the facts reported as undisputed do not show such want of care, it was error to rule as matter of law that the defendant was liable.

*Exceptions sustained.*