JENNIE R. DIX *vs.* SOMERSET COAL COMPANY.

Suffolk. January 19, 1914. — February 27, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Animal. Horse.*

In an action for injuries sustained from being bitten by a horse of the defendant, the plaintiff is not entitled to go to the jury upon showing that, when he was travelling lawfully upon a public sidewalk, the defendant's horse jumped upon the sidewalk and bit him in the arm and almost immediately afterwards tried to bite a child, if there is nothing to show that before the attack upon the plaintiff the horse ever had exhibited any ugly or mischievous propensities or habits.

In an action for injuries sustained from being bitten by a horse of the defendant, where there is no evidence of misconduct of the horse before his attack on the plaintiff, evidence that, when the plaintiff's attorney, after the plaintiff's injury, called at the defendant's place of business and was directed to a place where the horse could be seen, the horse "leered back his ears, showed his teeth and nabbed at him" and that, when the defendant's driver patted the horse on the side, "the horse again leered his ears, showed his teeth, nabbed and kicked," does not entitle the plaintiff to go to the jury on the question, whether the defendant before the plaintiff's injury had or ought to have had knowledge that the horse was vicious.

CROSBY, J. This is an action of tort to recover for personal injuries caused by the plaintiff being bitten by the defendant's horse.

There is little, if any, dispute about the facts. It appears

that the plaintiff was lawfully travelling along the sidewalk of Tileston Street, in Boston, when the defendant's horse jumped on to the sidewalk and bit the plaintiff in her arm. There was also evidence to show that the horse, almost immediately after biting the plaintiff, tried to bite a child four or five years of age, and that the plaintiff pushed the child away from the horse.

At the time the plaintiff was bitten the defendant's driver was using the horse delivering coal, and had left the horse unattended in the street. The plaintiff's attorney called at the defendant's office after the plaintiff had been bitten, and was directed to a place where the horse could be seen. The attorney testified: "That while standing in front of . . . said . . . horse . . . the . . . horse leered back his ears, showed his teeth and nabbed at him; that Mr. Divetto [the defendant's driver] then came up alongside of the said horse, patted him on the side, and the horse again leered his ears, showed his teeth, nabbed and kicked."

There was also evidence tending to show that the horse was of a kind and gentle disposition, and never had been known by his owners to bite or kick, or to have any bad or vicious propensities. This was all the evidence concerning the habits of the horse, or knowledge thereof by the defendant.

At the close of the evidence the plaintiff requested the presiding judge * to rule that if the horse was unlawfully upon the sidewalk when he bit the plaintiff, then the plaintiff does not have to prove that the horse was vicious. The judge refused so to rule, and directed the jury to return a verdict for the defendant. We think that the refusal to rule as requested and the action of the judge in directing a verdict for the defendant were right.

As a general rule the owner or keeper of a domestic animal is bound to exercise reasonable care to prevent injury being done by it to another. If such animal is rightfully in the place where the mischief is done, unless it appears that the animal is vicious and that that fact is known to the owner or keeper, there is no liability. This rule, however, has been held not to apply to animals that belong to a class which, according to the experience of mankind, are regarded as dangerous and therefore the owner of such an animal keeps it at his own risk. *Filburn* v. *People's Palace & Aquarium Co.* 25 Q. B. D. 258.

---

* *Wait,* J.

The defendant could be made liable for the plaintiff's injuries only by showing that the horse was of a vicious disposition and that the defendant had knowledge of such disposition. *Cooper* v. *Cashman,* 190 Mass. 75. *Reed* v. *Southern Express Co.* 95 Ga. 108. *Palmer* v. *Coyle,* 187 Mass. 136. *Eastman* v. *Scott,* 182 Mass. 192. *Hardiman* v. *Wholley,* 172 Mass. 411. *Herrick* v. *Sullivan,* 120 Mass. 576. *Popplewell* v. *Pierce,* 10 Cush. 509. The fact that the horse jumped upon the sidewalk did not relieve the plaintiff from proving that he was of a vicious disposition and known to be such to the defendant. So far as appears by the evidence there is nothing to show that, before the attack upon the plaintiff, the horse ever had exhibited any ugly or mischievous propensities or habits, if they existed. The testimony of the plaintiff's attorney in describing the conduct of the horse after the accident is not sufficient to charge the defendant with liability.

*Exceptions overruled.*

The case was submitted on briefs.

*W. Burns & W. D. Rich,* for the plaintiff.

*M. Coggan & L. C. Coggan,* for the defendant.