FANNIE E. GOODWIN *vs.* E. B. NELSON GROCERY COMPANY.

Suffolk.     March 14, 1921. — June 28, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence,* Of proprietor of retail store in keeping cat, Plaintiff's due care. *Animal. Cat. Proximate Cause.*

A woman while in a store as a customer was bitten and scratched by a cat owned by the store-keeper. In an action brought by her against the store-keeper it appeared from the plaintiff's uncontradicted testimony that a dog owned by the woman and taken by her into the store had a fight with the cat, that they became separated and, when the dog was several feet behind her, the woman reached under a meat block in front of her, took hold of the cat by the front paw and was bitten and scratched. *Held*, that as a matter of law her conduct was negligent, and that St. 1914, c. 553, did not require the submission to the jury of the question of her due care.

A person bitten by a cat cannot recover in an action against the owner of the cat in the absence of evidence warranting a finding that the cat was vicious to the knowledge of the owner and that the injury followed as the natural and probable consequence of the owner's wrong in keeping such an animal.

Evidence in the action above described, that on one occasion in the presence of an employee of the defendant the cat had shown its teeth and pulled the fibre from the stocking of a child in the defendant's store, is insufficient to warrant a finding of knowledge on the part of the defendant of characteristics in the cat likely to develop into an unprovoked attack of a violent nature.

TORT, for personal injuries caused by the bite and scratches of a cat owned by the defendant. Writ dated June 20, 1919.

In the Superior Court the action was tried before *White*, J. Material evidence is described in the opinion. At the close of the evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*F. G. Bauer*, (*J. M. Fowler* with him,) for the plaintiff.

*G. E. Mears*, for the defendant.

RUGG, C. J. This is an action of tort wherein the plaintiff seeks to recover compensation for injuries received by her from a cat of the defendant while a customer in its store. It is essential for the plaintiff to prove due care on her own part in order to recover. *Hathaway* v. *Tinkham*, 148 Mass. 85, 88. *Raymond* v. *Hodgson*, 161 Mass. 184. *Warrick* v. *Farley*, 95 Neb. 565, 572. The plaintiff testified to a fight between her dog, which she called into the store, and the defendant's cat. Then she says that they became separated and the cat was "landed right in front of me . . . was right here in front of me under the meat block . . . just stood . . . Q. Where was the dog with reference to the meat block? A. I don't know. The dog was behind me, here.—Q. Four or five feet away? A. Fully that I should say." Under these circumstances when there was no fight going on at all, without looking after her own property, the dog, the plaintiff "reached down . . . and took hold of the cat by the front paw." That is the plaintiff's own testimony. It is not open to doubt or question. She is bound by it. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405. It shows that her conduct was negligent. That she was bitten and scratched was to have been expected in the ordinary course of events. Any sort of prudence would have prompted her to let a strange cat alone under such circumstances. She testified that she imagined the cat must have been "somewhat excited," "having

just had a scuffle with the dog." Due care could have been satisfied only by keeping away from the cat, with whose nature she was wholly unacquainted, under these conditions. Her statement that " Because the cat had attacked the dog in the first place and I thought she might again. It seemed very reasonable to me," is no excuse for meddling with a strange animal under the circumstances disclosed. There is nothing in the facts to warrant such a notion on the plaintiff's part. Everything had become peaceful. If, however, there was danger of a recurrence of trouble, that gave her no right to interfere with an animal which did not belong to her and which she had never seen before. If there was any justi-'fication for her fear, the plain course for the plaintiff to pursue was to get her dog and keep him out of harm's way. She voluntarily submitted herself to danger and unnecessarily exposed herself.

The case at bar is indistinguishable in its facts from *Matteson* v. *Strong*, 159 Mass. 497.

The plaintiff is not aided by St. 1914, c. 553. Her own testimony shows that she was negligent. The case in this aspect is governed by *Pigeon* v. *Massachusetts Northeastern Street Railway*, 230 Mass. 392.

It is necessary for the plaintiff to show as ground of recovery that the defendant committed a breach of some legal duty owed by it to her. There can be no negligence without some act or omission in violation of a legal duty. *Bernabeo* v. *Kaulback*, 226 Mass. 128, 131. The defendant, by maintaining its retail store and thus impliedly soliciting the patronage of the plaintiff, assumed toward her the obligation to keep the premises in a condition reasonably safe for her use as a customer while she was in the exercise of due care. *McDermott* v. *Sallaway*, 198 Mass. 517. The plaintiff cannot recover unless there was evidence warranting a finding that the cat was vicious to the knowledge of the defendant, and that her injury followed as the natural and probable consequence of the defendant's wrong in keeping such an animal. *Popplewell* v. *Pierce*, 10 Cush. 509. *Dix* v. *Somerset Coal Co.* 217 Mass. 146. *Cox* v. *Burbidge*, 13 C. B. (N. S.) 430. *Bradley* v. *Wallaces, Ltd.* [1913] 3 K. B. 629. *Osborne* v. *Chocqueel*, [1896] 2 Q. B. 109. *Klenberg* v. *Russell*, 125 Ind. 531. *Glassey* v. *Worcester Consolidated Street Railway*, 185 Mass. 315. *Horan* v. *Watertown*, 217

Mass. 185, 186. *Sponatski's Case,* 220 Mass. 526. The domestic cat is by nature ordinarily harmless and docile. *Bischoff* v. *Cheney,* 89 Conn. 1. The evidence was that on one occasion in the presence of an employee of the defendant the cat had shown its teeth and pulled the fibre from the stocking of a child in the store. This was insufficient to warrant a finding of knowledge on the part of the defendant of characteristics likely to develop into an unprovoked attack of a violent nature. The case is governed on this branch by the principles declared in *Eastman* v. *Scott,* 182 Mass. 192, *Cooper* v. *Cashman,* 190 Mass. 75, *Clinton* v. *J. Lyons & Co. Ltd.* [1912] 3 K. B. 198, and is indistinguishable from them.

*Exceptions overruled.*