No. 8935.
Orleans Appeal.

CHARLES F. GIRAUD, Appellant, v.
JAMES SHALLY.

(Nov. 12, 1923, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Animals—Par. 14.**
No more than ordinary care is required of the owners of domestic animals and it is not negligence per se for the owner of a horse to permit it to remain unattended in a vacant lot hitched to a wagon, the wheels of which are chained.

2. **Louisiana Digest—Evidence—Par. 63, 88.**
In an action against the owner of a horse to recover damages for injuries caused by the bite of the horse, evidence tending to prove the vicious character of the horse subsequent to the injury for which damages are claimed, is inadmissible.

(Civil Code Articles 2315 and 2321. Editor's note.)

Appeal from the Civil District Court, Hon. Porter Parker, Judge.

This is a damage suit for personal injuries.

There was judgment for the plaintiff and defendant appealed.

Judgment reversed.

Jos. Sinai, attorney for plaintiff and appellee.

Edw. S. Spiro, attorney for defendant and appellant.

WESTERFIELD, J. This is a suit in which plaintiff claims damages of defendant in the sum of One Thousand Forty-two and 75/100 ($1042.75) Dollars, because of his having been bitten by a horse belonging to defendant.

Plaintiff alleges that on July 29, 1919, at about 6:30 p. m., as he was returning to his home from his work while walking along Olympia Street near Palmyra, he found his pathway "obstructed by a horse harnessed to a wagon, belonging to defendant, standing across said sidewalk feeding on the grass which lay between said sidewalk and the gutter edge; that in endeavoring to get by and have said horse move aside to permit him to do so, the said horse raised his head and bit petitioner in the groin, inflicting a severe and painful wound". He further alleges that "the said horse was not attended by any driver, or keeper, nor was he hitched, fastened or restrained in any way, but was in fact loose and roaming free through the streets of the city". He further alleges that his injury was caused by no fault or negligence on his part but solely due to the fact that the defendant allowed his horse to roam about unattended, unfastened, without a driver, etc. The defendant admits the ownership of the horse and the fact that it bit plaintiff and avers "that on Tuesday afternoon, about six o'clock, July 29, 1919, defendant's horse, hitched to a wagon, was placed by its driver (defendant's employee) on a vacant lot, composing about 150 feet of ground, squared, situated at the corner of Palmyra and Olympia Streets, this City, in order to allow the horse to graze on the grass thereon, a custom defendant had followed for many months, without objection from anyone; that defendant's driver kept watch on it from a position on the sidewalk in front of defendant's place of business on Palmyra Street, a distance of about one hundred feet away, and practically opposite to the said vacant ground, there being nothing whatever to obstruct his vision therefrom; that about fifteen minutes later, the horse had moved itself towards the sidewalk bordering Olympia Street; about this time plaintiff came along Olympia Street towards Palmyra Street, and saw the horse half-way across the said sidewalk and grazing on the grass bordering thereon; that although plaintiff could have easily walked in front of the horse or behind the wagon with little or no trouble, or could have taken hold of the bridle of the horse and turned him about, he did, nevertheless, carelessly, negligently, wantonly and ma-

liciously strike the horse several times across its head with a walking cane which he carried, causing the horse great pain and fright, bringing to it the instinct of self-preservation, and the animal, in its desire to move away, brushed against plaintiff's groin, with its head, causing a slight scratch to said part of plaintiff's body."

There was judgment below in plaintiff's favor in the sum of Two Hundred and Forty-two and 75/100 ($242.75) Dollars, and defendant has appealed.

There is no allegation in plaintiff's petition that defendant's horse was a vicious animal and its vicious characteristics known to defendant at the time it bit him, nor is there any proof in the record to this effect. There is some evidence admitted over the objection of defendant's counsel, which we think should have been excluded, to the effect that the horse, after biting plaintiff, bit or attempted to bite another. This evidence we consider irrelevant, not only because not responsive to any allegation in plaintiff's petition, but for the further reason that evidence of distemper or other vicious characteristics of defendant's horse exhibited subsequent to plaintiff's injury, cannot affect defendant's liability.

Plaintiff rests his case solely upon the ground that it was negligent and "unlawful for the owner of an animal to permit the same to run at large, or to permit a horse to stand unhitched or unattended, and that, therefore, the defendant is liable and responsible to petitioner."

The evidence convinces us that the wheels of the wagon were chained and that, consequently, while the wagon could be moved, the horse being capable of dragging it about as dead weight, it could not move freely, moreover, the horse was under the observation of the driver, who, according to the testimony, was watching the horse from a distance of about one hundred feet. It has not been proven that the horse was obstructing the sidewalk as claimed by plaintiff and the weight of the evidence is to the effect that the horse's head alone encroached upon the grass plot bordering the walk nearest to the lot on which the horse was grazing and that, therefore, there was ample room for plaintiff to pass without subjecting himself to attack by the horse. There is evidence tending to show the gentle character of the horse, the owner, hostler and a neighbor having testified to that effect, and we are satisfied that defendant had no reason to believe his horse to be other than a gentle, peaceful animal.

Is the fact that the horse was unattended sufficient fault on the part of his owner to create liability for the injury inflicted upon plaintiff? This is the sole question in this case. In Ladrix vs. DiMaggio, 8th Court of Appeals, 167, it was held that the liability of an owner of a domestic animal for damage it might cause was not unqualified and that there was no liability unless there was fault.

In Rouseo vs. Gauche-Connor Co., et al., 8th Court of Appeal, 216, it was held that it was not fault per se for an owner or driver to leave for a short while unattended, a horse not vicious or unruly and fastened with at least ordinary care. In the case last cited, this Court makes an exhaustive review of the decisions of our Supreme Court, consequently, it would serve no useful purpose for us to repeat what was there said or to reconsider the authorities reviewed in that opinion.

The counsel for defendant in his brief has referred us to the case of Dix vs. Somerset Coal Co., 217 Mass. 146, page 12, which is of interest. We quote the following from this case:

"This is an action of tort to recover for personal injuries caused by the plaintiff being bitten by the defendant's horse. It appears that the plaintiff was lawfully traveling along the sidewalk of Tileston

Street, in Boston, when the defendant's horse jumped onto the sidewalk and bit plaintiff in the arm. There was also evidence to show that the horse almost immediately after biting the plaintiff, tried to bite a child from four to five years of age, and that the plaintiff pushed the child away from the horse.

At the time the plaintiff was bitten the defendant's driver was using the horse delivering coal, and had left the horse unattended in the street."
and also the following:

"As a general rule, the owner or keeper of a domestic animal is bound to exercise reasonable care to prevent injury being done by it to another. If such animal is rightfully in the place where the injury is done, unless it appears that the animal is vicious, and that that fact is known to the owner or keeper, there is no liability. This rule, however, has been held not to apply to animals that belong to a class, which, according to the experience of man, are regarded as dangerous and, therefore, the owner of such animal keeps it at his own risk. (Citing cases.) The defendant could be made liable for the plaintiff's injury only by showing that the horse was of a vicious disposition and that the defendant had knowledge of such disposition. (Citing cases.) The fact that the horse jumped upon the sidewalk did not relieve the plaintiff from proving that he was of a vicious disposition and known to be such to the defendant. So far as appears by the evidence, there is nothing to show that before the attack upon the plaintiff the horse ever had exhibited any ugly or mischievous propensities or habits, if they existed. The testimony of plaintiff's attorney in describing the conduct of the horse after the accident is not sufficient to charge the defendant with liability."

Our conclusion is that the defendant in this case has exercised ordinary care in that he had chained the wheels of the wagon to which the horse was hitched and had caused a driver to keep the horse under observation and that the fact that the horse was unattended otherwise is not a fault per se sufficient to hold the owner responsible for damages caused by the bite of the horse, since he had no reason to suspect any vicious tendencies on the part of the animal.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be set aside and reversed and it is now ordered that plaintiff's demand be rejected at his cost in both courts.