## Edgar S. Woodman *vs.* Arthur F. Haynes.

Norfolk.   May 10, 1933. — January 5, 1935.

Present: Rugg, C.J., Pierce, Field, & Lummus, JJ.

*Negligence,* In entrusting horse to incompetent person, In use of way. *Horse. Practice, Civil,* Requests, rulings and instructions. *Damages,* For tort.

In an action of tort by the owner and operator of an automobile against the owner of a horse, the plaintiff, who was in the exercise of due care, was entitled to recover for personal injuries and damage to the automobile resulting when, after the defendant had entrusted the horse, for use on the highway, to a boy incompetent to have control of it thereon, the horse ran away through the boy's incompetence and collided with the automobile, even though there was no proof that the horse had a propensity to run away and that the defendant knew or should have known of such a propensity, and even though the boy was not an agent of the defendant in so using the horse.

Where, at the hearing of an action for damage to an automobile, there was evidence that it was owned jointly by the plaintiff and his wife, a ruling requested by the defendant, that "If the plaintiff is entitled to damages, he is only entitled to recover one half the value of the automobile," was not a correct statement of law and properly was refused.

Tort. Writ in the District Court of Western Norfolk dated January 29, 1932.

The action was heard in the District Court by *Saunders,* J. There was evidence that the automobile driven by the plaintiff was owned by the plaintiff and his wife jointly. The defendant's thirteenth request for ruling was that "If the plaintiff is entitled to damages, he is only entitled to recover one half the value of the automobile." Other material evidence and rulings given and refused are described in the opinion. The judge found for the plaintiff in the sum of $270. A report to the Appellate Division for the Southern District was ordered dismissed. The defendant appealed.

*S. Maylor,* for the defendant.

*A. T. Handverger,* for the plaintiff.

FIELD, J.   This action of tort was brought in the District Court to recover compensation for bodily injuries to the plaintiff and damage to his automobile sustained when the automobile, operated by the plaintiff on the highway, was run into by a horse owned by the defendant and driven by his son.   The declaration contains a count alleging that the son was not a proper person to have control of the horse. There was evidence at the trial that the horse was being driven, attached to a wagon, by the defendant's twelve year old son, and that on hearing a locomotive whistle the horse got out of control, ran away, broke loose from the wagon and ran into the plaintiff's automobile.   The occurrence of the accident in this manner and the resulting bodily injuries and property damage are not now in dispute. The questions argued bear upon the defendant's fault, the plaintiff's due care and the amount of the damages.

The judge found that (1) ". . . the plaintiff was at all times in the exercise of due care"; (2) ". . . [he] acted as a reasonable man would have acted under the circumstances"; (3) ". . . the defendant owned the horse that caused the accident" and (4) ". . . gave his twelve year old son authority to take the horse to go after some sawhorses which had been given him"; (5) ". . . the horse which caused the accident was a large farm horse . . . was not 'vicious,' in the sense that he had a habit of running away" but (6) ". . . said horse was a dangerous instrument when entrusted to the control of the defendant's twelve year old son, and . . . said son was not a proper person to have charge of the horse" and (7) ". . . not large or strong for a boy of twelve years of age; . . . the horse started, 'trotted easy,' and then ran and galloped, and . . . the driver, after pulling the reins and shouting 'whoa' was the first of the four occupants of the wagon to jump to the street."

The defendant made thirteen so called "requests for rulings," of which request numbered 1 was as follows: "1. Upon the evidence the plaintiff cannot recover because: (a) At the time of the alleged injury the plaintiff was not in the exercise of due care.   (b) The injury complained of

was not one which results from and is the natural consequence of the vicious habits of the animal which caused the injury. (c) The defendant, in the exercise of reasonable diligence was not aware of the propensity of the horse in question to run away, even if it be proved that said horse had such a propensity. (d) It does not appear that before the accident the defendant had any knowledge of the propensity of the horse in question to run away. (e) There is no evidence that at the time of the alleged injury said horse was in control of the defendant, or his agent or servant." The judge "allowed" requests numbered 1 (b), 1 (c), 1 (d), 1 (e), 2, 3, and 12, and denied the others. He reported to the Appellate Division his "refusal to rule as requested" and the question whether, "upon the requests for rulings numbered 1 (b), 1 (c), 1 (d) and 1 (e) which . . . [he] allowed," the defendant was "entitled to a finding in his favor." The report was dismissed by the Appellate Division and the defendant appealed to this court.

Findings of fact are not reviewable on this appeal. It brings before us for review only rulings on matters of law made by the trial judge and reported by him to the Appellate Division, and the action of the Appellate Division thereon. G. L. (Ter. Ed.) c. 231, §§ 108, 109. *Duggan* v. *Matthew Cummings Co.* 277 Mass. 445, 449.

We find no error in any ruling on a matter of law so reported.

The underlying question of law in controversy is whether the plaintiff can maintain an action without proof that the horse had a propensity to run away and that the defendant knew or ought to have known it. Without discussing the effect of such proof when made, it is enough to say that without such proof the plaintiff can maintain an action by proof that the defendant negligently entrusted the horse to an incompetent person to be driven by him on the highway, and that the horse ran away by reason of the incompetence of the driver — provided of course the plaintiff exercised due care.

The law regards a horse as ordinarily a harmless animal, but as an animal of such natural propensities as to require

some control on the highway. Consequently a person responsible for the control of a horse is liable for injuries resulting from his intentional or negligent failure to exercise the requisite control though there is no proof that the horse had any extraordinary, dangerous propensities. This principle has been applied where a horse was turned loose on the highway (*Barnes* v. *Chapin*, 4 Allen, 444; see also *Marsland* v. *Murray*, 148 Mass. 91) or ran away because left unattended without being hitched. *Murdock* v. *New York & Boston Despatch Express Co.* 167 Mass. 549. *Turner* v. *Page*, 186 Mass. 600. *O'Connor* v. *Hickey*, 260 Mass. 110, 115. Compare *Verna* v. *Boston Transcript Co.* 288 Mass. 160. And in accordance with this principle, in some circumstances, it can be found that entrusting a horse ordinarily harmless to an incompetent driver to be driven on the highway constitutes negligence on the part of the person responsible for control of the horse, and that such negligence is the cause of injury. *Adams* v. *Swift*, 172 Mass. 521, 524. See *Britton* v. *Cummington*, 107 Mass. 347. Compare *Sousa* v. *Irome*, 219 Mass. 273; *Gudziewski* v. *Stemplesky*, 263 Mass. 103. Furthermore it is not essential to the liability of such a person that the driver be his agent or servant, for the negligence which is the ground of liability is not the negligence of the driver imputed to that person but that person's own negligence in entrusting the horse to an incompetent driver. See *Gordon* v. *Bedard*, 265 Mass. 408, 411–413. Statements in cases relied on by the defendant, such as *Webber* v. *McDonnell*, 254 Mass. 387, to the effect that there can be no recovery without proof of known dangerous propensities, deal with situations where there is no evidence of negligence or other fault of the person responsible for control of the horse. See also *Dix* v. *Somerset Coal Co.* 217 Mass. 146.

The requested rulings numbered 6–11, inclusive, in various forms of statement required proof that the horse had dangerous propensities. They were not in accord with the principle herein stated and were denied rightly. Requested ruling numbered 12 was similar in character but was "allowed" by the judge. This request was made by the

defendant and he cannot be heard to complain that it was granted. None of the rulings requested raise the question whether there was any incompatibility between this ruling and a finding for the plaintiff. See *DiLorenzo* v. *Atlantic National Bank of Boston*, 278 Mass. 321, 323–324. The manner in which the judge dealt with the subdivisions of requested ruling numbered 1 indicates that he did not rule generally that on all the evidence the plaintiff could not recover but, rather, that he adopted subdivisions (b), (c), (d) and (e) without the conclusion that because of these rulings (or findings) the plaintiff could not recover. *DiLorenzo* v. *Atlantic National Bank of Boston*, 278 Mass. 321, 324. From what has been said it follows that these rulings (or findings) did not require a general finding for the defendant.

There was no error in the denial of the so called ruling numbered 1 (a). This was in substance a request for a finding of fact. The burden of proving the plaintiff's want of due care was on the defendant. G. L. (Ter. Ed.) c. 231, § 85. The evidence in the case, including that of the plaintiff, taken in connection with G. L. c. 90, § 17, as amended by St. 1931, c. 201, did not require such a finding as matter of law. See *Castano* v. *Leone*, 278 Mass. 429, 430–431. For a like reason there was no error in denying requests for rulings (or findings) numbered 4 and 5 dealing with the same subject. Requested ruling numbered 13 dealing with damages, as phrased, was not a correct statement of law and was denied rightly.

No ruling appears to have been requested or is reported as to the adequacy of the evidence to support a general finding for the plaintiff or any of the specific findings made except as implied in the so called "requests for rulings" already considered.

*Order dismissing report affirmed.*