MARJORIE NEAGLE *vs.* RICHARD MORGAN & another. December 8, 1971. This is an action of tort brought here on the defendants' exceptions to the denial of their motion for a directed verdict, to the refusal of the judge to give instructions to the jury as requested by them, and to the instructions given to the jury. In her amended declaration, the plaintiff alleged that she was injured by the negligent failure of the defendants to exercise reasonable care to keep their premises safe for her use as a business invitee. The plaintiff testified that, while employed by the defendants to look after their children in their absence, their pet bird lit on her face, and that, startled, she stepped back, fell, and fractured her hip. She also testified that she previously had been told by the codefendant Mrs. Morgan that the bird would not be out of its cage. The codefendant Dr. Morgan testified that his family often let the bird out of its cage, that the bird, as a habit, would land on one's person, and that the bird might startle people if they were not aware of it flying around the house. He testified that there was no lock on the cage, although he was aware that one could be purchased. There was also testimony that one of the Morgan children had released the bird prior to the accident. Reasonable care to keep the premises safe for the plaintiff from harm caused by animals is within the scope of the duty owed to her as a business invitee by the defendants. *Goodwin* v. *E. B. Nelson Grocery Co.* 239 Mass. 232, 234. *Cruickshank* v. *Brockton Agricultural Soc.* 260 Mass. 283, 284. *Andrews* v. *Jordan Marsh Co.*

283 Mass. 158, 161. *Splaine* v. *Eastern Dog Club, Inc.* 306 Mass. 381, 384–385. Failure to warn the plaintiff about the bird and to take reasonable steps to confine it could constitute a negligent disregard of this duty. There was no error in denying the defendants' motion for a directed verdict. The defendants' exceptions to the refusal of the judge to give their requested instructions to the jury and to the instructions as given were grounded on the argument that the bird must be found to have a "vicious disposition" before there could be liability. As the plaintiff's amended declaration relied on recovery for negligence, not absolute liability, this argument is misplaced. See *Dix* v. *Somerset Coal Co.* 217 Mass. 146, 147. There was no error.

*Exceptions overruled.*

*Warren Delaney* for the defendants.
*John J. McNaught* for the plaintiff.