Wright, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal of the entry of summary judgment for the defendant on the plaintiffs complaint for “severe physical and mental injury” allegedly resulting from an attack by “Larry,” the defendant’s pet cat.
The parties’ affidavits, answers to interrogatories, deposition testimony and other Rule 56 materials indicate the following: On October 1, 1996, plaintiff Florence Harris was allegedly scratched and bitten in an unprovoked attack on her *80 back porch by “Larry,” the defendant’s then eight year old cat. “Larry” had been found abandoned more than six years earlier, and taken in and kept as the family pet by the defendant, his wife and children. “Larry” was one of several neighborhood cats that frequently frolicked and regularly roamed through the plaintiffs yard and yards adjacent to it, with the plaintiffs knowledge, without any complaint by her and without any previous incident.
In a single-count, amended complaint filed on October 30, 1998, the plaintiff alleged that “the defendant was negligent because he knew, or should have known, of the vicious propensities of the cat and failed to properly supervise and contain and control the cat.” After extensive discovery, the defendant moved on May 4,1999 for summary judgment on the ground that the plaintiff “had no expectation of proving an essential element of [her] case,” Kouravacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); namely, that “Larry” exhibited vicious propensities prior to the alleged incident and that the defendant knew, or should have known, of the same.
In support of his motion, the defendant filed his own affidavit and his sworn answers to the defendant’s interrogatories in which he averred that prior to the alleged incident with the plaintiff, “Larry” had never injured, attacked, displayed “anger” or demonstrated any vicious tendencies toward anyone; and that neither he, nor anyone in his family, ever received any prior complaint from anyone about the cat. Also offered were portions of the plaintiffs own deposition in which she specifically testified that she had never complained about the cat; had neither personal knowledge, nor was “aware from any source,” that anyone else had ever complained or been attacked; did not, in fact, know if the cat had a vicious nature; and was never informed by the defendant, his family or anyone else that it did.
The plaintiff responded with her own affidavit and that of a friend, Frank Geer (“Geer”). Despite the plaintiffs specific deposition testimony that Geer, in particular, had no knowledge of any prior incidents with “Larry,” Geer averred that the cat had “jumped on him” in July, 1996 and had “exhibited a vicious nature.” The plaintiffs affidavit characterized her previous deposition testimony as erroneous, and referred to statements which would be made by Geer and another friend, Francis L. Murphy (“Murphy”).
The defendant’s motions to strike the plaintiffs and Geer’s affidavits were apparently allowed at the initial summary judgment hearing on June 4,1999. The matter was continued to permit the plaintiff to depose the defendant[2] and to submit supplemental affidavits. The plaintiff subsequently filed Murphy’s affidavit which consisted in its entirety of an account of remarks made at one time about “Larry” by a now-deceased neighbor.
At a second motion hearing on July 7, 1999, and after the defendant moved to strike Murphy’s affidavit, the court granted the plaintiff still more time to file admissible supplemental affidavits or other opposition evidence. After subsequent notice and service by the defendant, neither plaintiffs counsel, nor Geer, appeared at a scheduled deposition. No new affidavits were ever produced. At the third hearing on September 17, 1999, the court allowed the defendant’s Rule 56 motion and summary judgment was entered.
1. Given the absence of any statute or regulation governing the liability of cat owners for injury or damage by their pets,[3] the plaintiffs claim was subject to general common law principles applicable to domestic animals deemed “ordinarily harmless.” See generally Andrews v. Jordan Marsh Co., 283 Mass. 158, 161-162 (1933). Based on such principles, the plaintiff could not
*81 recover unless there was evidence warranting a finding that the cat was vicious to the knowledge of the defendant, and that her injury followed as the natural and probable consequence of the defendant’s wrong in keeping such an animal.
Goodwin v. E.B. Nelson Grocery Co., 239 Mass. 232, 234 (1921). Upon review of the parties’ summary judgment materials in the light most favorable to the plaintiff, Tardanico v. Aetna Life & Case, Co., 41 Mass. App. Ct. 443, 448 (1996); Sanabia v. Travelers Ins. Co., 1999 Mass. App. Div. 46, 48, it is clear that the defendant satisfied his Rule 56 burden of demonstrating that the proof required to support the plaintiffs claim was “unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
Contrary to the plaintiffs contention, this is not a case where summary judgment was inappropriate because the dispositive issue was the defendant’s knowledge or “state of mind.” See id.; Brunner v. Stone & Webster Engineering Co., 413 Mass. 698, 705 (1992). Any admissible, material facts evidencing circumstances which should have put the defendant on notice of “Larry’s” vicious tendencies, if any, would have been sufficient to defeat summary judgment. The Geer affidavit, however, consisted of a single, conclusory statement, see Madsen v. Erwin, 395 Mass. 715, 721 (1985); King v. First, 46 Mass. App. Ct. 372, 376 n.3 (1999), unsupported by the specific facts needed to satisfy the plaintiffs burden as the Rule 56 opposing party. Wheatley v. American Tel. & Tel. Co., 418 Mass. 394, 397 (1994); Metropolitan Credit Union v. Matthes, 46 Mass. App. Ct. 326, 330 (1999). The Murphy affidavit offered only inadmissible hearsay. Symmons v. O’Keeffe, 419 Mass. 288, 295 (1995); Yovino v. Fish, 27 Mass. App. Ct. 442, 445 (1989). The plaintiffs own affidavit, beyond its hearsay statements, added nothing but attempted qualifications of her deposition. “[A] party cannot create a disputed issue of fact lay the expedient of contradicting by affidavit statements previously made under oath at deposition.” O’Brien v. Analog Devices, Inc., 34 Mass. App. Ct. 905, 906 (1993). See also Hanover Ins. Co. v. Leeds, 42 Mass. App. Ct. 54, 58-59 (1997); Morrell v. Precise Engineering, Inc., 36 Mass. App. Ct. 935, 937 (1994).
The only other material advanced by the plaintiff was “Larry’s” veterinary record which showed that the cat had been treated for bites or scratches by other animals on two occasions. Even assuming arguendo that “Larry” had been the aggressor, rather than the victim, in such “catastrophic” confrontations, there is nothing in the record or ordinary experience to suggest that an outdoor cat’s encounters with dogs or occasional fights with other cats are in any way indicative of a dangerous propensity to attack humans without provocation. The plaintiff also relies on a patently irrelevant veterinary notice of July 3, 1996, after “Larry” had been treated for a wound of unknown origins, to confine “Larry” in the defendant’s home for six months and to have him vaccinated for rabies after five months. The veterinary record and notice are devoid of any reference to vicious tendencies and, as explained by the defendant in deposition testimony, amounted to a standard precaution or protective order for observation of “Larry” to determine if his wound had resulted from a bite by a rabid animal. The plaintiff offered no evidence to counter this explanation. The defendant kept “Larry” indoors for more than three months, and the cat never developed rabies symptoms or the disease itself.
2. Having failed to advance a scintilla of competent evidence that “Larry” had vicious propensities of which the defendant should have been aware, the plaintiff erroneously contends that she was still entitled to a trial on the merits on a theory of “ordinary negligence.” The defendant mistakenly relies on an inapposite line of cases involving “trespassing,” or at least escaped, horses, cows and sheep in which the defendant-owners were held to a duty of ordinary care without proof of *82 the animals’ viciousness.[4] All of these cases however involved animals which do not freely roam in cities and neighborhoods, much less back yards, and whose size or natural tendencies obligated their owners, in the exercise of due care, to impose suitable restraints.[5] As stated in Saldi v. Brighton Stock Yard Co., 344 Mass. 89 (1962) (escaped butting cow):
It is unnecessary to show that the animal had vicious traits. [Citations omitted]. Action by the animal in accordance with its natural propensities is foreseeable and some control to prevent this is required. ... [A]n escaped cow, even if ‘superannuated’ ... in the strange environment of city streets, pursued or not, would be sufficiently disturbed to indulge the known propensity of her kind to butt.
Id. at 92-93.
In contrast, “ [t] he domestic cat is by nature ordinarily harmless and docile,” Goodwin v. E.G. Nelson Grocery Co., supra at 235, with no inherent or customary tendencies necessitating restraint as a practical or legal matter.[6] The plaintiff in fact points to no case, statute, regulation, ordinance or even common practice which prescribes leashing, penning, confining within a fenced yard or otherwise restricting outdoor domestic cats to the property of their owners. Domestic cats are customarily permitted to roam freely, as they were in the plaintiffs own neighborhood, without objection by her or, apparently, any other property owner. Thus the plaintiff could not recover on a theory of “ordinary negligence” for a failure to prevent “Larry” from allegedly wandering on to her property in the absence of a *83 breach of any legal obligation or duty owed by the defendant. See generally A.L. v. Commonwealth, 402 Mass. 234, 253 (1988); Dinsky v. Framingham, 386 Mass. 801, 804-805 (1982).
Accordingly, the trial court’s entry of summary judgment for the defendant is affirmed. Unlike “Larry,” this case will have no more than one life.
So ordered.

 The defendant’s deposition testimony was consistent on all material issues with his answers to interrogatories and Rule 56 affidavit.

 Compare G.L.c. 140, §155, which applies exclusively to dogs.

 The standard is set forth in, e.g., Walker v. Nickerson, 291 Mass. 522, 526 (1935), a case involving a trespassing cow which butted the plaintiff. The Court stated: “Proof that a domestic animal ordinarily harmless, such as a cow, had an extraordinary, dangerous propensity is essential to recovery where the animal was rightfully in the place where the mischief was done and there was no negligence on the part of the person responsible for the control of the animal. ...In the present case, theground of liability is the presence of the cow on the plaintiffs land in violation of the defendant’s duty.... [T]he ground of liability is the placing of the cow where it would be likely to escape and become a trespasser on the land of the plaintiff.... It has been held in this Commonwealth that recovery may be had by a person injured by the kick of a horse wrongfully in the place where the injury was caused without proof that the horse had a propensity to kick which was known or should have been known to its owner or keeper... [emphasis supplied].” Id. at 526-527.

 See, e.g., Walker v. Nickerson, supra at 525 (butting escaped cow); Woodman v. Haynes, 289 Mass. 114, 116-117 (1935) (horse on highway); Baker v. Ratkiewicz, 275 Mass. 174, 179-180 (1931) (trespassing, hobbled horse, likely to “flare up”); O’Connor v. Hickey, 260 Mass. 110, 116 (1927) (runaway horse); Fraser v. Chapman, 256 Mass. 1, 4 (1926) (runaway ram); Carrington v. Worcester Consol. St. Rwy. Co., 222 Mass. 119, 120 (1915) (bull on highway); Lyons v. Merrick, 105 Mass. 71, 76 (1870) (escaped cow).

 The irrelevance of common law principles of ordinary negligence governing liability for damage caused by escaped horses and livestock to questions of liability for damage by household pets appears to have been long ago recognized in this Commonwealth. “It used to be said in England under the rule requiring notice of the habits of an animal, that every dog was entitled to one worry, but it is not universally true that every horse is entitled to one kick. In England, if the horse is a trespasser, and kicks another, the kick will enhance the damages, without proof that the animal was vicious, and that the owner knew it.” Hardiman v. Wholley, 172 Mass. 411 (1899).