EDWARD SCANLON *vs.* THOMAS F. CAVANAUGH & others.

Bristol.    October 23, 1911. — November 29, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, & DECOURCY, JJ.

*Negligence,* Employer's liability.   *Animal,* Specific instances showing vicious habit.

In an action by a hostler against the proprietor of a large livery stable employing him, for personal injuries sustained by reason of the running away of a pair of horses which the plaintiff was driving by order of the defendant, where it was not controverted that the plaintiff was in the exercise of due care, the plaintiff sought to recover on the ground that one of the horses was unsafe for driving and that the defendant knew or ought to have known that this horse had a habit of running away.   There was evidence that on three different occasions during the eight months preceding the accident this horse had run away with its driver, that the last time it ran a mile and a quarter and then was stopped only by running it against a tree, and that each of the other times it ran at least a quarter of a mile before it could be controlled.   There also was evidence of this horse's shying at electric cars and kicking in harness, and there was testimony that two months before the accident the manager of the defendant's stable had information in regard to the horse's character.   *Held,* that from this evidence of particular instances it could have been found that the horse had a habit of running away, and that there was evidence to justify a finding that the defendant knew of this vicious habit, so that the case was one to be submitted to the jury.

TORT by a hostler, employed in the livery stable of the defendants in Taunton, for personal injuries alleged to have been caused by the defendants furnishing the plaintiff with unsafe

and unmanageable horses, which were known to the defendants to be dangerous. Writ dated July 9, 1910.

In the Superior Court the case was tried before *Sherman,* J. The facts shown by the plaintiff's evidence are stated in the opinion. At the close of the plaintiff's evidence the judge, at the request of the defendants, ordered a verdict for the defendants, and by agreement of counsel reported the case for determination by this court. If the ruling of the judge was wrong, judgment was to be entered for the plaintiff in the sum of $450, without costs; otherwise, judgment was to be entered on the verdict.

*R. P. Coughlin,* (*L. H. Coughlin* with him,) for the plaintiff.
*D. F. Slade,* for the defendants.

DeCourcy, J. The plaintiff was an employee of the defendants who maintained a large livery stable. He was a cripple, not having the full use of his right arm and leg. His employment was that of a hostler in the stable, and occasionally he was sent out to drive when the drivers were absent. Upon his return from dinner on the day of the accident, one of the defendants ordered him to drive to a funeral a hack that was standing ready, hitched to two horses. On the way from the cemetery the horses ran away with the plaintiff and came into collision with an electric car, in consequence of which he was thrown to the ground and injured.

The plaintiff's due care was not controverted. His right of recovery is based on the ground that one of the horses was unmanageable and unsafe for driving, and that the defendants knew, or in the exercise of reasonable care ought to have known, that this horse had a habit of running away. *Palmer* v. *Coyle,* 187 Mass. 136. Witnesses who had hired this horse from the defendants testified to three different occasions during the eight months preceding the accident when the horse ran away with its driver. The last time it ran a mile and a quarter and then was stopped only by running it against a tree. The other times it ran at least a quarter of a mile before it could be controlled. There was also testimony of its shying at electric cars, and kicking in harness. From this evidence of particular instances a jury would be warranted in finding that the horse had a habit of running away. *Broderick* v. *Higginson,* 169 Mass. 482. And there

was evidence to justify a finding that the defendants knew of this vicious habit. Not only did these public manifestations of the habit furnish some basis for an inference of knowledge, but there was testimony that the manager of the stable, one Bills, was informed of it two months before this accident.

The case should have been submitted to the jury. In accordance with the report, judgment is to be entered for the plaintiff in the sum of $450, without costs.

*So ordered.*