MARGARET E. FLYNN *vs.* JEREMIAH P. O'RIORDAN.

Suffolk.　March 18, 1912. — April 1, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence,* In use of highway.

If a pair of horses, attached to a dray or caravan, while being used in the business of their owner are left wholly unhitched and unattended standing in a city street near the sidewalk, and if for some unknown reason they swerve and injure a person who is walking along the middle of the sidewalk, in an action against the owner for such injuries these facts are evidence of negligence.

TORT for personal injuries from being struck by one of a pair of horses belonging to the defendant, which were left unattended attached to a dray or caravan standing near the sidewalk of Water Street in Boston. Writ dated January 15, 1910.

In the Superior Court the case was tried before *Brown,* J. "It was agreed that at the time of the accident the horses and team belonged to and were engaged in the business of the defendant transporting United States mail." The time of the accident and the way in which it happened are stated in the opinion. At the close of the plaintiff's evidence the judge ordered a verdict for the defendant, and reported the case for determination by this court. If his ordering of the verdict was correct, judgment was to be entered for the defendant; otherwise, the case was to be sent back to the Superior Court for trial.

The case was submitted on briefs.

*J. F. McDonald & J. M. Graham,* for the plaintiff.

*R. Spring,* for the defendant.

DeCourcy, J.   The plaintiff's due care is not questioned. Upon the issue of the defendant's negligence the following facts were in evidence.   At about 5.30 P. M., on December 2, 1908, the defendant's two horses attached to a mail wagon were left unattended at the side of the post office building on Water Street in Boston.   They were not hitched to any post, nor secured by any weight or otherwise; and no driver appeared upon the scene until about five minutes after the accident.   As the plaintiff was walking along the middle of the sidewalk the horses swerved from where they were standing on the street and the plaintiff was struck by one of them and thrown against the building.   This evidence entitled the plaintiff to go to the jury.   *Southworth* v. *Old Colony & Newport Railway,* 105 Mass. 342.   *Carey* v. *Milford & Uxbridge Street Railway,* 193 Mass. 161.

*New trial ordered.*