RAYMOND SYNDICATE *vs.* AMERICAN EXPRESS COMPANY.

Suffolk.    March 25, 1913. — May 24, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Negligence*, In use of "green horse." *Animal. Evidence*, Matters of common knowledge, Presumptions and burden of proof. *Words*, "Green horse."

If an express company permits a "green horse," which it has owned only for three days and about whose disposition and training it knows nothing, to be driven through one of the busiest parts of a large city where upon meeting an electric car it shies across a sidewalk and breaks a shop window, these facts are evidence of negligence on the part of the express company, on which it can be found to be liable to the proprietor of the shop for the damage caused by the breaking of the window.

In an action for damages caused by the shying of a horse, which the defendant
had bought three days before the accident as a "green horse," the jury may
assume as a matter of common knowledge that a "green horse" is one under-
stood to be fresh from the country and entirely unwonted to the distracting
conditions of the business streets of a great city.

TORT, by the tenant of a store numbered 90 on Washington
Street in Boston against a corporation carrying on a large
express business, for alleged negligence of the defendant in break-
ing a plate glass window in the premises occupied by the plain-
tiff, by means of a horse attached to an express wagon of the
defendant who shied across the sidewalk into the window on
November 14, 1910, thereby causing loss and damage to the plain-
tiff. Writ in the Municipal Court of the City of Boston dated
December 23, 1910.

On appeal to the Superior Court the case was tried before
*Bell,* J. The undisputed facts shown by the plaintiff's evidence
are stated in the opinion.

The answers of the defendant's assistant general manager
to interrogatories filed by the plaintiff, after stating that the
horse in question on November 14, 1910, the date of the accident,
was driven by one Carney who had been in the defendant's employ
for more than nine years, contained the following statement:
"The horse was purchased November 11, 1910, from H. S. Harris
Sons, Boston, Mass., and the horse Carney was driving that morn-
ing was a green horse, so called; that the horse Carney was then
driving had no shoes on its hind feet; that it was not its custom
to shoe horses until after they had been worked two or three
days."

The defendant offered no evidence and asked the judge to
order a verdict for the defendant. The judge refused to do this,
and submitted the case to the jury. A part of the judge's charge
was as follows: "I am leaving it to you as a question of fact,
as men living in this vicinity with a knowledge of affairs, to say
whether or not in your judgment it was negligence on the part
of the defendant to put a horse bought as this one was, to put
it into the streets of Boston before they knew whether the horse
was reasonably accustomed to cars and would not shy and do
harm. That is the question. According to your experience
of men, according to your knowledge and experience of men,

was the defendant negligent in putting a horse bought as this horse was, knowing about it what they did know, much or little, on the streets of Boston where it would meet electric cars, until they knew by test or inquiry that that horse was a safe horse to drive on the streets where there were electric cars. If you find that it was a negligent thing to do, according to your knowledge, then you are of the opinion that this act, sending this horse out that morning, might have been a negligent one."

At the close of the charge the defendant excepted "to that part of the charge that there is evidence of negligence."

The jury returned a verdict for the plaintiff in the sum of $50; and the defendant alleged exceptions.

*A. M. Pinkham,* for the defendant.

*C. F. Eldredge,* for the plaintiff.

RUGG, C. J.  This is an action of tort to recover damages alleged to have been caused by the negligence of the defendant. The undisputed facts showed that the defendant sent a "green horse," which it had owned three days, through one of the busiest parts of Boston in charge of a competent driver without any knowledge or making any effort to ascertain whether the horse was used to the sounds and sights of a great city. At the noise of the first electric car the horse shied and broke a plate glass window of the plaintiff.

The question of the defendant's negligence rightly was submitted to the jury. The jury as men of common experience might have inferred that a green horse was one understood to be fresh from the country and entirely unwonted to the distracting conditions of Boston streets, and that the responsible agents of the defendant knew this. To take out such a horse for its first journey under the circumstances here disclosed might have been found to have been wanting in due care.

*Exceptions overruled.*