HARRY T. O'CONNOR *vs.* TIMOTHY F. BURNS, executor.

Middlesex. November 12, 1913. — February 27, 1914. ·

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Animal. Horse.*

Where, at the trial of an action against a woman for personal injuries from being kicked by a horse belonging to her, there is evidence that the injuries were sustained when the plaintiff at the request of the defendant's agent had entered the horse's stall for the purpose of feeding it, that the horse was addicted to habitual kicking and of a vicious disposition, that the defendant had told a horseshoer to be careful in entering the stall, and had told others that the horse was very dangerous and that they must be very careful to look out for it as it would kick them at any minute, the case is for the jury.

DE COURCY, J. The verdict for the plaintiff was based on the liability of the defendant's testate, Mrs. Burns, for knowingly keeping a vicious or dangerous horse. *Popplewell* v. *Pierce,* 10 Cush. 509. *Cooper* v. *Cashman,* 190 Mass. 75. The only question before us is whether the trial judge* was warranted in submitting the case to the jury.

On the evidence the jury could find that at the request of the authorized agent of Mrs. Burns, the owner, the plaintiff, a boy about thirteen years old, was entering the stall for the purpose of feeding the horse, when the animal kicked him. On the issue

---

\* *Keating,* J.

of the horse's vicious habit there was testimony of different witnesses that the horse frequently had attempted to kick persons entering the stall; that when being shod it would kick at the horseshoer; that on the street it would kick at passing dogs; and that the left side of its stall was kicked away for a space of two or three feet to the depth of two inches. There was also evidence that it stood upon its hind feet when hitched in the carriage, and that it would kick and prance around and paw the ground while being exercised in the yard. On the issue of the owner's knowledge of the horse's vicious habit, there was further testimony that Mrs. Burns told the horseshoer to be careful in entering the stall; and that she told others that the horse was very dangerous, and that they must be very careful and look out for it, as it would kick them at any minute. It is true that this testimony was contradicted and that it is inconsistent with the testimony offered in behalf of the defendant; but it was the province of the jury to determine the credibility of the witnesses and to ascertain the truth. We cannot say as matter of law that the verdict was not warranted by the evidence. *Palmer* v. *Coyle,* 187 Mass. 136. *Scanlon* v. *Cavanaugh,* 210 Mass. 291.

*Exceptions overruled.*

*R. M. Bowen,* for the defendant.
*J. J. Foley,* for the plaintiff, was not called upon.