PETER CONDELLI *vs.* AMERICAN STABLES COMPANY.
CONCETTA CONDELLI *vs.* SAME.

Suffolk.     December 10, 1919. — February 28, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Negligence,* In driving horse.

An officer of a corporation conducting a stable in Boston drove a horse, which had had only ten days experience in the city and had not been exercised for two days, from the stable down a runway and turned into a way or alley which ran from a school to a street and was about twenty feet in width, and upon which there were many school children of whose presence he knew. The horse bolted and the driver, seeing two children ahead of him, pulled the right rein and threw the horse off his feet, striking the children and throwing the driver from the wagon. In an action by the children for personal injuries thus caused, it was *held,* that the question, whether the driver, before and after the horse bolted, was in the exercise of that care required of him under the circumstances, was for the jury.

TWO ACTIONS OF TORT, for personal injuries caused by the plaintiffs being run into by a horse driven by the treasurer and general manager of the defendant, a corporation. Writs dated July 25, 1916.

In the Superior Court the actions were tried together before *Quinn,* J. The material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant; and the plaintiffs alleged exceptions.

*R. Gallagher,* (*J. G. Harnedy* with him,) for the plaintiffs.

*P. A. Hendrick,* (*E. D. Hassan* with him,) for the defendant.

DE COURCY, J. The accident happened in Chardon Court, a way or "alley," apparently about twenty feet in width, running easterly from Chardon Street to the Baldwin School, in Boston. On the southerly side is a narrow sidewalk. On the northerly side, and near the schoolhouse end of the court, is the door of the runway leading to the floor of the defendant's stable. The plaintiffs were going home from school, on the afternoon of Monday, October 5, 1914, and were about halfway from the schoolhouse to Chardon Street, when they were struck by a horse of the defend-

ant, which was being driven by one Heald, the general manager of the stables company.

On the evidence most favorable to the plaintiffs it could be found that these were the facts: This was a green horse, with only ten days experience in the city, and had not been exercised on Sunday or Monday. It had been hitched, and left standing for five or ten minutes, about forty-five feet from the door. Heald entered the stable from Chardon Court, where there were then many school children. He got on the wagon, and as he drove out, the horse bolted. The driver turned to the right into Chardon Court, and, seeing the plaintiffs about twenty feet ahead, he pulled the right rein and threw the horse off its feet. Heald was thrown from the wagon, and the horse was later caught on Chardon Street.

The plaintiffs did not allege that this was a vicious or unmanageable horse, and known by the defendant to be so; and cases like *Palmer* v. *Coyle*, 187 Mass. 136, and *Scanlon* v. *Cavanaugh*, 210 Mass. 291, are not applicable. Nor could it be ruled that it was a runaway horse, escaping from control through no neglect of the driver; because Heald testified that he "had control of the horse up to the time [he] threw him." See 17 Ann. Cas. 812 note. The contention of the plaintiffs is that Heald was negligent in driving this green horse, somewhat frisky from lack of exercise, into Chardon Court in the manner he did, and when children were there, unaware of his coming.

On the evidence the case is close. But on the whole we think it was a question of fact for the jury whether he should have undertaken to drive this horse through the court at that time, whether the horse in fact got beyond the driver's control, and in short whether the conduct of Heald, before and after the horse bolted, was such as the standard of due care required him to exercise in the circumstances. *Keaveny* v. *Moran*, 208 Mass. 277. *Raymond Syndicate* v. *American Express Co.* 215 Mass. 140.

*Exceptions sustained.*