ELIZABETH B. MAGUIRE *vs.* AMERICAN RAILWAY EXPRESS COMPANY.

Norfolk.    December 3, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence*, In use of highway, Hitched horse.

In an action against an express company by a traveller upon a highway for personal injuries caused by the plaintiff being struck by a box which fell from a wagon of the defendant drawn by a runaway horse, where it is not contended by the plaintiff that the horse was of a vicious disposition or that he had a habit of running away, evidence, tending to show that, on an afternoon in November, an hour and a half after the time when the horse usually was fed, the driver tied the horse with one rein to a post in an alley, where he faced a street in a populous community upon which was considerable street railway traffic, and then left him unattended while he went into a nearby restaurant for his dinner and that soon afterwards the horse broke the fastening and ran away, will not warrant a finding that the driver was negligent.

TORT for personal injuries received by the plaintiff when, as she was rightfully upon a highway, she was struck by a box which

fell from a wagon of the defendant drawn by a runaway horse. Writ dated April 16, 1919.

In the Superior Court, the action was tried before *Keating*, J. Material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant and reported the action for determination by this court, it being agreed that, if the ruling of the trial judge was wrong, judgment should be entered for the plaintiff in the sum of $500; and, if the ruling was right, judgment should be entered on the verdict.

The case was submitted on briefs.

*F. P. O'Donnell*, for the plaintiff.

*A. M. Pinkham*, for the defendant

CROSBY, J.   The defendant's driver, having finished delivering his load on the afternoon of November 26, 1918, drove into an alley which ran into Boylston Street in Brookline, tied his horse with one of the reins to a post, and went into a nearby restaurant to get his dinner. Soon afterwards the horse broke the fastening and ran out into Boylston Street, the wagon struck a post near the corner of the alley and the street and several boxes fell from the wagon, one of which struck and injured the plaintiff who was rightfully in the highway. It appeared that there was considerable street railway traffic on Boylston Street at that point and that the horse was left hitched to the post, facing the street.

The driver testified that the horse seemed to be "a good horse" and had not run away before; and there was no evidence to the contrary. It is not argued that the plaintiff was not in the exercise of due care. The plaintiff does not contend that the horse was of a vicious disposition or had a habit of running away, but claims that the driver was negligent in leaving him in the alley facing the street near the street railway tracks, without being properly secured.

There is nothing to show what caused the horse to break away from the post. It was not negligence on the part of the driver to leave the horse in the alley for a reasonable time if properly cared for. *Greenwood* v. *Callahan*, 111 Mass. 298. Nor do we think it was evidence of negligence to leave a horse near to and facing street railway tracks, as it is common knowledge that ordinarily horses in cities are so accustomed to street cars as not to be afraid of them; nor do we think that to tie a horse to a post with one of

the reins is evidence of negligence. It would seem to be a safe and proper way to secure a quiet and good horse that previously had shown no disposition to run away or exhibited any vicious habits. *Herrick* v. *Sullivan*, 120 Mass. 576. *Dix* v. *Somerset Coal Co.* 217 Mass. 146. Although when left in the alley an hour and a half had elapsed beyond the time when the horse was usually fed, it could not reasonably have been inferred from that circumstance that the horse broke the fastening and ran away.

The case at bar is distinguishable from cases where a horse is left unhitched and unattended in a highway. *Turner* v. *Page*, 186 Mass. 600, *Hayes* v. *Wilkins*, 194 Mass. 223, or where a horse is wrongfully at large on the highway, *Hardiman* v. *Wholley*, 172 Mass. 411, or cases where a green and inexperienced horse is driven on a city street. *Raymond Syndicate* v. *American Express Co.* 215 Mass. 140. *Condelli* v. *American Stables Co.* 235 Mass. 141.

The evidence fails to show any negligence of the defendant. In accordance with the terms of the report, the entry must be

*Judgment for the defendant on the verdict.*