MENDEL HERBERT *vs.* ISAAC GREENBAUM.

Suffolk.    January 18, 1924. — April 7, 1924.

Present: RUGG, C.J., DeCOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Employer's liability.  *Animal.*

At the trial of an action by one employed as a hostler in the defendant's livery stable, it appeared that the defendant was not a subscriber under the workmen's compensation act. There was evidence that the plaintiff was kicked by a vicious horse owned by the defendant, of whose vicious habits the defendant was aware, and that the defendant insisted upon the plaintiff's cleaning the horse, although told by the plaintiff of the danger attending his doing so. There was no evidence that the plaintiff ever had seen the horse or had any knowledge of its

vicious disposition at the time he entered the defendant's employ. *Held*, that

(1) The plaintiff's contract with the defendant did not include the care or cleaning of a horse of vicious habits;

(2) There was no contractual assumption of risk of injury from dangerous and unruly horses;

(3) The defendant not being a subscriber under the workmen's compensation act, no question arose as to the plaintiff's due care or as to a voluntary assumption of risk;

(4) The circumstances of the plaintiff's learning of the dangerous characteristics of the horse after he entered the defendant's employ did not preclude recovery;

(5) A verdict for the plaintiff was warranted.

TORT for personal injuries received by the plaintiff while in the defendant's employ by being kicked by a vicious horse. Writ dated May 10, 1921.

In the Superior Court, the action was tried before *Flynn*, J. Material evidence is described in the opinion. The defendant asked for the following rulings:

" 1. Upon all the evidence, the verdict must be for the defendant.

" 2. Upon all the evidence and law of this case, the verdict must be for the defendant."

" 9. This case involves the principle of contractual and voluntary assumption of danger incidental to and part of this particular employment; hence, the plaintiff can not recover."

The requests were refused. There was a verdict for the plaintiff in the sum of $6,000. The defendant alleged exceptions.

*B. Ginsburg*, for the defendant.

*M. J. Mulkern*, for the plaintiff.

CROSBY, J. This is an action to recover for personal injuries, alleged to have been received as a result of negligence of the defendant. The plaintiff was employed as hostler by the defendant in his livery stable. The defendant was not a subscriber under the workmen's compensation act.

The plaintiff testified that he went to work for the defendant seven months before he was injured; that he knew the horse which caused his injury was a " kicker " and " notified defendant about it the first week he went to work

for the defendant and couldn't clean that horse for the reason that the horse kicked." There was also evidence tending to show that it was generally known by the employees in the stable that the horse was accustomed to kick. The plaintiff further testified that on the morning he was hurt he told the defendant that the horse was kicking and that he was afraid of it, to which the defendant replied that " he wanted this horse just as clean as the other horses." There was also testimony that the horse was kept in a box stall where there was room for two horses but " they didn't put another horse [in the stall] because she was kicking. . . . that this horse was kept in a box stall because she was a kicker; that kicking horses were kept in box stalls;" that on the morning of the accident the defendant said to the plaintiff " I don't care to know anything about excuses. I want all my horses clean when they go out;" that after receiving these instructions the plaintiff undertook to clean the horse and while so engaged it kicked him in the eye and " knocked his left eye out."

There is no evidence that the plaintiff had ever seen this horse or had any knowledge of its vicious disposition at the time he entered the employment of the defendant; his contract did not include the care or cleaning of horses of vicious or dangerous habits, but was limited to those which were ordinarily safe and free from such habits. Accordingly there was no contractual assumption of the risk of injury from dangerous and unruly horses. As the defendant was not a subscriber under the workmen's compensation act, no question arises of either the plaintiff's due care or the voluntary assumption of risk. The defendant is liable if negligence on his part was proved. If the jury believed the testimony of the plaintiff, they were warranted in finding that the horse was of a vicious disposition and that the defendant knew it or, in the exercise of reasonable care, ought to have known it. Apart from the testimony of the plaintiff as to what he told the defendant respecting the horse's habit of kicking, the jury could have found that the defendant knew or in the exercise of reasonable care ought to have known of this habit. *Lynch* v. *Richardson,* 163 Mass.

160.  *Broderick* v. *Higginson,* 169 Mass. 482.  *Palmer* v. *Coyle,* 187 Mass. 136, 139.  *Scanlon* v. *Cavanaugh,* 210 Mass. 291.  The circumstance that the plaintiff learned of the dangerous character and propensities of the horse after he entered the employment will not preclude him from the recovery of damages for his injury.  If, as the jury could have found, the horse had a habit of kicking which was known, or ought to have been known, by the defendant, and he ordered the plaintiff to clean the horse, a finding of negligence was warranted.  Knowingly to keep a vicious horse may be found to be negligence.  *Marble* v. *Ross,* 124 Mass. 44.  The case of *Ashton* v. *Boston & Maine Railroad,* 222 Mass. 65, is not pertinent to the facts in the case at bar.  The defendant's requests for rulings were rightly denied.  As there was no error in the charge, the entry must be

*Exceptions overruled.*