JUNE TENNEY *vs.* FRANK H. REED.
WILMER G. TENNEY *vs.* SAME.

Middlesex.    November 9, 1927. — January 25, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* In use of school playground, Contributory, Motor vehicle. *Trespass.*

In an action of tort against the proprietor of a milk truck for personal injuries received when the plaintiff, a girl nine years of age, was run over as she was at play in the playground of a school yard, evidence tended to show that in playing tag the plaintiff, who had been running backward, turned around and struck the truck which she had not seen and of whose presence she had been given no warning by the driver, and fell and was run over; that the driver of the truck was delivering milk which the defendant was under contract to deliver at the school house and testified that he entered the yard with the tacit acquiescence and full knowledge of the principal of the school; that he had seen children in the yard, had stopped because of some boys near, and had just started up when, without his seeing her, the plaintiff was run over. *Held,* that

(1) It could not be ruled as a matter of law that the defendant's driver was a trespasser in the yard;

(2) The driver was bound to exercise ordinary care to avoid injury to the plaintiff who was rightfully in the yard which was used as a

playground by her in common with other pupils, which use the jury could find was known to the driver of the truck;

(3) The question of the due care of the plaintiff and of the negligence of the driver were for the jury.

Two ACTIONS OF TORT, described in the opinion. Writs dated January 20 and February 5, 1925, respectively.

In the Superior Court, the actions were tried together before *Keating*, J. Material evidence is stated in the opinion. The judge ordered verdicts for the defendant and reported the actions to this court for determination, judgment to be entered on the verdicts if his rulings were right; otherwise, judgment to be entered for the plaintiff in the first action in the sum of $1,850, and for the plaintiff in the second action in the sum of $650.

*F. P. Garland*, for the plaintiffs.

*E. J. Sullivan*, for the defendant.

BRALEY, J. The first of these two actions of tort is brought by June Tenney, a minor, to recover damages for personal injuries alleged to have been caused by the negligence of the defendant; the second is brought by her father for consequential damages.

On the evidence the jury warrantably could find that on December 3, 1923, the plaintiff, nine years of age, was a pupil in the Crosby Grammar School in Arlington; that she entered the school yard about twenty-five minutes before nine o'clock on that morning and while playing tag was struck by a truck loaded with milk which the defendant's son had driven into the school yard for the purpose of delivering milk for use in the rooms of that building. At the time of the accident the plaintiff was slowly running backward from the corner of the building. The playmate, who was chasing the plaintiff, having increased her speed, the plaintiff turned around, in order to run forward, came in contact with the truck and by reason of the impact fell and the right rear wheel of the truck passed over her, breaking her left leg. It also could be found that the plaintiff did not see the truck before she was injured; that she had never seen it in the yard before during the time the pupils were at play;

that no warning that she heard was given before the truck came into the yard.

The question of the plaintiff's due care was for the jury. *Dowd* v. *Tighe,* 209 Mass. 464. *Crimmins* v. *Armstrong Transfer Express Co.* 217 Mass. 155, 157.

It is contended that there was no evidence warranting a finding that the defendant was negligent. There was undisputed evidence that the defendant had a contract with public officials of Arlington to supply milk to its public schools, for which he was paid weekly; that the lot on which the school in question was situated was bounded by public ways; that the supply of milk was delivered at the school entrance, which was reached by driving in from one of these ways; that the defendant did not ask for nor obtain permission from any one in authority to drive upon the playground although the son testified to having done so with the tacit acquiescence and full knowledge of the principal of the school. It could not be ruled, as matter of law, and as the plaintiff contends, that the defendant's son was a trespasser when he drove into the yard. *Nettleton* v. *Sikes,* 8 Met. 34. *Smith* v. *Pierce,* 110 Mass. 35.

The defendant's employee in charge of the truck testified that, accompanied by his helper, he drove into the yard by making a right hand turn; that there were about 100 children of various ages playing in the yard; that he drove slowly and, seeing two small boys in front of the truck, he brought the truck to a complete stop, blew the horn, and "hollered" at them; that when he started it again it had not moved more than its length when "they felt this — well, it wasn't natural and they looked at each other kind of quick as much as to say what is that; that it seemed to him that some other child cried out, 'Mister, you ran over something,' that the helper jumped off his side . . . and that he jumped off the other side and saw June . . . lying on the ground within three or four feet of the right rear wheel; that he picked her up and they carried her into the school; that his truck was going very slowly when he ran over June; . . . ." The witness was then asked, "Why didn't you look after you had stopped before you started your truck up again to see

if there were any children around?" to which he answered, "I didn't notice any children at all." When asked to repeat his answer he added, "These two little chidren were the only ones that were immediately near us when we turned into the yard."

The credibility of the witnesses was for the jury. It could be found that the defendant's driver knew of the presence of the children and that they were engaged in sport within the yard into which he was driving.

In the performance of his work, the driver was bound to exercise ordinary care to avoid injury to the plaintiff who was rightfully in the yard which was used as a playground by her in common with other pupils, which use the jury could say was known to the driver of the truck. The jury also could find that no horn was sounded or other warning given, nor was any general outlook taken to ascertain the proximity of children before the truck was started, and that if these precautions had been taken in the circumstances here disclosed the accident would not have happened. *Fletcher* v. *Boston & Maine Railroad,* 1 Allen, 9, 15. The question of the defendant's negligence was for the jury. *Collins* v. *South Boston Railroad,* 142 Mass. 301, 312. *Hennessey* v. *Taylor,* 189 Mass. 583, 587. *Dowd* v. *Tighe,* 209 Mass. 464, 466. *Condelli* v. *American Stables Co.* 235 Mass. 141.

In accordance with the terms of the report judgment for the plaintiff is to be entered in the first case for $1,850, and in the second case for $650.

*So ordered.*