NUNCIO VIOLONDO *vs.* SOLOMON GINSBERG.

Suffolk.    January 28, 1930. — February 25, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Horse.  Negligence,* Due care of child, Contributory, Of owner of horse.
*Practice, Civil,* Requests, rulings and instructions, Exceptions.  *Evidence,* Relevancy and materiality;  Opinion: expert.

At the trial of an action of tort for personal injuries sustained by a boy
seven years of age through being run over by a horse belonging to
the defendant, a junk dealer, there was evidence that the plaintiff
was seated in a small cart on a sidewalk opposite a yard of the defendant in a city;  that an agent of the defendant drove the horse
into the yard, fed him and left him without a bridle to be cared for
by other employees of the defendant;  that the gate to the yard was
open;  that the horse ran out the gate, crossed the street onto the
sidewalk and trampled on the plaintiff;  that the plaintiff attempted
to get out of the cart but was unable to do so before the horse was
upon him;  that the horse had run out of the yard on several previous
occasions;  and that, to the defendant's knowledge, it had a habit of
running away.  *Held,* that
  (1) A finding was warranted that the plaintiff exercised such care
as was reasonably to be expected of a boy of his age;
  (2) There was evidence of negligence on the part of the defendant;
  (3) It was proper to admit in evidence an ordinance of the city
prohibiting horses and certain other animals from going at large upon
any street:  it was competent on the issue of the defendant's negligence;
  (4) It was proper to admit in evidence the original orders establishing the street in question as a public way.
An exception to a hypothetical question asked of a medical expert, based
on the ground that certain facts assumed in the question were not in
evidence, was overruled in the circumstances, certain of such facts
having been eliminated by the trial judge and the excepting party's
rights sufficiently protected as the matter finally was submitted to
the jury.
An exception, to a refusal to give a ruling at the trial of an action must be
overruled where it appears that the trial judge fully and accurately
submitted to the jury all the issues of fact to be determined by them.

TORT.    Writ dated June 24, 1926.

Material evidence at the trial in the Superior Court before
*Collins,* J., is stated in the opinion.  The judge denied a
motion by the defendant that a verdict be ordered in his

favor. The jury found for the plaintiff in the sum of $6,000. The defendant alleged exceptions.

The case was submitted on briefs.

*M. Caro*, for the defendant.

*J. J. O'Hare & C. J. Muldoon, Jr.*, for the plaintiff.

CROSBY, J. This action is brought to recover for personal injuries received by the plaintiff by being knocked down and run over by a horse which, the jury were warranted in finding, was owned by the defendant.

There was evidence tending to show that the plaintiff at the time of the injury was seven years old and was sitting in a small cart near the inner edge of the sidewalk adjoining a vacant lot on Fellows Street, in Boston, the cart having been drawn there by an older boy. The defendant was a junk dealer who occupied a yard on Fellows Street, where junk was deposited, opposite the place of the accident; he had a large number of horses in his yard, where some of them were stabled, and others were kept elsewhere. On the day of the accident the horse in question was driven into the yard by one Cohen, a junk collector, who could be found to have been at that time in the employ of the defendant. Cohen took the bridle off the horse, fed him, and left him for other employees of the defendant to care for. There was a gate through which access could be had to the street. At the time of the accident the gate was left open. The horse with the wagon attached, but without a bridle, ran out of the yard and down Fellows Street across the sidewalk, trampled upon the plaintiff and fell upon him. There was also evidence that the plaintiff just before the accident attempted to get out of the cart, but did not succeed in doing so before the horse came upon him and dragged him into the field.

Upon this evidence it could not have been rightly ruled that the plaintiff was not in the exercise of due care. Independently of G. L. c. 231, § 85, the evidence warranted a finding that he was in the exercise of such care as would be reasonably expected of a boy of that age. *Beale* v. *Old Colony Street Railway*, 196 Mass. 119. *Travers* v. *Boston Elevated Railway*, 217 Mass. 188. *McDonough* v. *Vozzela*,

247 Mass. 552, 556. *Pawloski* v. *Hess*, 253 Mass. 478. If the jury believed the testimony offered by the plaintiff, it is difficult to see upon the undisputed evidence what he could have done to have prevented being run over by the horse.

There was ample evidence of negligence of the defendant or his employees in permitting the horse without a bridle to be left in the yard with the gate open. There was evidence offered by the plaintiff that the day after the accident the defendant stated that the horse on several occasions before the plaintiff was injured had run out of the yard. It could have been found that it had a habit of running away and that such habit was known to the defendant. If the jury so found there was evidence of the defendant's negligence. *Hardiman* v. *Wholley*, 172 Mass. 411. *Turner* v. *Page*, 186 Mass. 600. *McCue* v. *Boston Elevated Railway*, 221 Mass. 432.

The defendant offered evidence tending to show that when the horse was left by the driver the wheels of the wagon had been locked by a hook, but the jury were not required to believe this evidence.

It is stated in the defendant's brief that he was the owner of the horse and team in question "which he had for a long period both before and after the accident rented to a junk collector named Jacob Cohen. . . ." A careful examination of the bill of exceptions fails to show any evidence to support this statement. However, if there had been such evidence the jury were not required to believe it. It is plain that the defendant's motion for a directed verdict was rightly denied.

The exception to the admission of c. 59, § 47, of the Revised Ordinances of 1925 of the city of Boston, prohibiting horses and certain other animals from going at large on any street, cannot be sustained. The ordinance was properly admitted upon the question of negligence of the defendant. *O'Connor* v. *Hickey*, 260 Mass. 110, 116. The original orders establishing Randall Street and Fellows Street as public ways of the city of Boston were rightly admitted in evidence.

The defendant excepted to a certain hypothetical question asked of a physician, called by the plaintiff, who examined him and testified respecting his condition. This witness testified that in his opinion the accident would be an adequate cause for the condition of the plaintiff described in the question. The defendant's objection to the question was that it assumed some facts which were not in evidence. Certain of the facts so assumed were afterwards eliminated by the trial judge. The defendant's rights were fully protected as the matter was finally submitted to the jury. *McCarthy* v. *Boston Duck Co.* 165 Mass. 165. *Anderson* v. *Albertstamm*, 176 Mass. 87, 91. *Miller* v. *Boston & Maine Railroad*, 240 Mass. 461.

The defendant excepted to the refusal of the judge to give his requests two to nine, both inclusive, and request thirteen. These requests need not be considered in detail. It is plain that they were rightly denied. The trial judge in his instructions fully and accurately submitted to the jury all the issues of fact to be determined by them.

As we perceive no error in the conduct of the trial the entry must be

*Exceptions overruled.*