FRANK VERNA *vs.* BOSTON TRANSCRIPT COMPANY.

SAME *vs.* HARRY LOFCHIE.

ANTHONY CONSALVO *vs.* BOSTON TRANSCRIPT COMPANY.

SAME *vs.* HARRY LOFCHIE.

Suffolk.     October 3, 1934. — October 23, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Horse. Negligence*, In use of way. *Evidence*, Relevancy and materiality.

In this Commonwealth, the mere presence on a public way of a runaway horse attached to a vehicle is not evidence of negligence on the part of the one in control of the horse.

Where, at the trial of an action of tort for personal injuries sustained when the plaintiff was run into by a runaway horse, there was no

evidence as to the circumstances which caused the horse to run away, or as to the manner in which it came to be out of control, there was no error in excluding evidence of a municipal ordinance forbidding every person to permit a horse to go at large on a street.

FOUR ACTIONS OF TORT, described in the opinion. Writs dated July 25, 1930.

In the Superior Court, the actions were tried together before *O'Connell*, J. Material evidence is described in the opinion. The judge ordered verdicts for the defendants and reported the actions for determination by this court.

The cases were submitted on briefs.

*A. E. LoPresti*, for the plaintiffs.

*T. H. Mahony & P. E. Fardy*, for the defendant Lofchie.

RUGG, C.J.    These are actions to recover compensation for personal injuries alleged to have been sustained by the plaintiffs by reason of a horse which was a runaway through the negligence of the defendants. There was evidence tending to show injuries to the plaintiffs caused by a horse, harnessed to a wagon, galloping, without a driver, on a street in Boston and colliding with an automobile in which were the plaintiffs, and that no hitching weight or anything similar thereto was then seen on the horse or wagon. It was admitted by the individual defendant that an employee acting for him had been in control of the horse up to the time the horse ran away with the wagon. Verdicts were directed for the defendants and the cases reported.

The record contains no evidence as to the circumstances which caused the horse to run away, or as to the manner in which it escaped from control. It has never been held in this Commonwealth that the mere presence of a runaway horse attached to a vehicle on a street is *prima facie* evidence of negligence on the part of the one in control of the horse. Some further fact must be shown having a tendency to indicate want of care by one in charge of the horse and vehicle. *Turner* v. *Page*, 186 Mass. 600. *Hayes* v. *Wilkins*, 194 Mass. 223. *Condelli* v. *American Stables Co.* 235 Mass. 141, 142. *Maguire* v. *American Railway Express Co.* 237 Mass. 226, 227. *Violondo* v. *Ginsberg*, 270 Mass. 418. It is matter of common knowledge that horses may become runaways on

the streets through many other causes than the negligence of those having their custody. See *Bemis* v. *Temple,* 162 Mass. 342, and cases reviewed; *Corey* v. *Havener,* 182 Mass. 250; *Reardon* v. *Boston Elevated Railway,* 247 Mass. 124; *Unger* v. *Forty-second Street & Grand Street Ferry Railroad,* 51 N. Y. 497.

There are judicial statements that the mere fact of a runaway is not evidence of negligence. As was said in *Manzoni* v. *Douglas,* 6 Q. B. D. 145, at page 153, "To hold that the mere fact of a horse bolting is per se evidence of negligence would be mere reckless guesswork." *Button* v. *Frink,* 51 Conn. 342. *Luks* v. *American Ice Co.* 267 Penn. St. 337, 343. *Creamer* v. *McIlvain,* 89 Md. 343, 355. *Kimble* v. *Stackpole,* 60 Wash. 35, 40. There are expressions to the contrary. *Dennery* v. *Great Atlantic & Pacific Tea Co.* 53 Vroom, 517. *Gorsuch* v. *Swan,* 109 Tenn. 36. *Crawford* v. *Upper,* 16 Ont. App. 440. *Maus* v. *Broderick,* 51 La. Ann. 1153. *Gayler & Pope, Ltd.* v. *B. Davies & Son, Ltd.* [1924] 2 K. B. 75, 84–86. Doubtless each case must be decided upon its own facts. There was no evidence in the case at bar to warrant a finding of negligence on the part of the defendants.

There was no error in the exclusion of the city ordinance forbidding every person to permit a horse to go at large in the street. It was irrelevant to the facts here disclosed.

In each case

*Judgment for the defendant on the verdict.*