WILLIAM I. KARP *vs.* WHITING MILK COMPANY.

Suffolk.    December 3, 1940. — January 3, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Horse. Negligence, Horse, In use of way. Practice, Civil, Interrogatories.*

Evidence merely that a horse, running in a street with a milk wagon attached and without a driver, collided with an automobile did not warrant a finding of negligence of the owner of the horse.

A party answering interrogatories propounded to him by his opponent in an action may answer the question as propounded; he is not obliged to surmise that his opponent meant something different from what he expressed in the interrogatory.

TORT. Writ in the Municipal Court of the City of Boston dated March 6, 1940.

Upon a report by *Adlow*, J., who found for the plaintiff in the sum of $150, the Appellate Division ordered judgment for the defendant. The plaintiff appealed.

The case was submitted on briefs.

*A. A. Karp*, for the plaintiff.

*R. E. Titus & E. B. Cass*, for the defendant.

QUA, J.   The plaintiff sues for personal injuries and property damage sustained when the defendant's "horse and wagon collided with the plaintiff's automobile."

We think that there was no evidence to support a finding that the defendant was negligent.

Evidence of the bare fact that the defendant's horse was running in the street, with a milk wagon attached and without a driver, would not support a finding of the defendant's negligence.   *Verna* v. *Boston Transcript Co.* 288 Mass. 160.

In answer to an interrogatory by the plaintiff the defendant stated in substance that "at the exact time of the accident" the driver "was making a delivery" at a named address.   To other interrogatories asking how the horse and vehicle were fastened "between deliveries," the defendant answered that the horse and wagon were "not fastened." These answers add nothing of consequence to the plaintiff's case.   The word "deliveries" as used in the interrogatories refers, we think, to the several series of acts of the driver in leaving his wagon, entering upon the premises of customers, depositing milk there, and returning to the wagon. Obviously failure to fasten the horse and wagon "between deliveries" was not evidence of negligence, since fastening them at such times would render them wholly useless for distributing milk.   As to leaving horses unhitched in general see *Flynn* v. *O'Riordan*, 211 Mass. 477, and *O'Connor* v. *Hickey*, 260 Mass. 110, 115.   We cannot read the word "between" as if it were "during," even if it seems fairly clear that the plaintiff should have used in his interrogatories the latter word instead of the former.   The two words have very different significations.   A party has the privilege of framing his own interrogatories, and he should be careful to ask for what he wants.   The party interrogated may answer the questions as they are propounded to him.   He is not obliged to surmise that his opponent meant something different from that which he expressed.   The answers are to be construed with reference to the questions.   The defend-

ant has not answered that its horse and wagon were not fastened during deliveries but has answered only that they were not fastened between deliveries. It cannot be bound to that which it has not stated. *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 52, 53.

There was no further evidence tending to show negligence of the defendant.

*Order for judgment for the defendant affirmed.*