334 P.2d 545

Buck Jones GORDON, a Minor, by His Father and Next Friend, O. S. Gordon, Plaintiff-Appellee,

v.

Jimmie D. HARDGROVE, Defendant-

Appellant.

No. 6468.

Supreme Court of New Mexico.

Dec. 23, 1958.

On Motion for Rehearing Jan. 16, 1959.

Smith & Smith, Otto Smith, Clovis, for appellant.

Wesley Quinn, Clovis, for appellee.

LUJAN, Chief Justice.

Appellee, plaintiff below, while employed by appellant in grooming and preparing horses for public auction at a sales ring managed by appellant, sustained injuries when a horse he was riding ran backward with him, reared and fell, pinning appellee against a corral fence. He seeks damages for injuries resulting therefrom.

At the time of the accident appellee was of the age of 19 years. His duties consisted of cleaning horses, trimming their manes, and otherwise preparing them for public auction. It was also his duty to ride horses to see that they were bridle-wise, etc. He received one dollar for each animal cleaned and slightly more for riding them.

The cause was tried to the court on the issues of negligence and assumption of risk. The court found for appellee; judgment was entered accordingly and appellant, claiming error, prosecutes this appeal.

The trial court based its decision solely on the immaturity of appellee and his lack of experience. Neither appellant's negligence nor the extent of the injuries suffered, or the amount of the award is challenged.

It is a well settled principle that a servant while in the performance of specific services for the master, takes upon himself the ordinary risks incident to such employment; and the rule applies equally to a minor, in so far as those risks are, or ought to have been known to and appreciated by him. Furlow v. United Oil Mills, 104 Ark. 489, 149 S.W. 69, 45 L.R.A.,N.S., 372; Herbert v. Greenbaum, 248 Mass. 398, 143 N.E. 317.

The evidence is clear that appellee was crafty in the handling of horses, having been around them since he was of the age of 12 years. He testified generally as to the habits of horses, the possibility they would pitch, run backward, rear up and fall with their riders. The record demonstrates an uncanny knowledge of horses for a youth his age. But appellee's employment required of him nothing more than to clean horses to be put through the sales ring and to ride gentle horses. We quote from his testimony:

"Q. You never broke or rode horses or anything for Mr. Hardgrove? A. No, sir, all the horses I rode for Jimmie (appellant) were broke horses, supposed to be broke horses, and I tried to get them reining better than what they were and stuff like that, there was usually some little flaw in each horse that I was supposed to try to get out in time for the sale, maybe he wouldn't turn one way just like he did the other or something."

In Herbert v. Greenbaum, supra [248 Mass. 398, 143 N.E. 318], the court said:

"There is no evidence that the plaintiff had ever seen this horse or had any knowledge of its vicious disposition at the time he entered the employment of the defendant; his contract did not include the care or cleaning of horses of vicious or dangerous habits, but was limited to those which were ordinarily safe and free from such habits. Accordingly there was no contractual assumption of the risk of injury from dangerous and unruly horses."

Even with the knowledge possessed by appellee, we cannot say he assumed the risk as a matter of law. There is no evidence that he had seen the horse previously or had knowledge of its vicious habits. Whether he appreciated the risk involved in riding the horse, was a question of fact to be determined in the light of his maturity and experience. We think the findings of the court are supported by substantial evidence. However, it should be stated that this court is not holding as a matter of law that a person of the age of 19 years is immature. Quite the contrary, the trial court resolved this question, having heard the testimony and having seen the witness.

The judgment will be affirmed. It is so ordered.

COMPTON, J., and DAVID W. CARMODY, D. J., concur.

McGHEE and SHILLINGLAW, JJ., dissenting.

McGHEE, Justice (dissenting).

I do not agree that the evidence in the record supports a finding that the plaintiff was immature with relation to the handling of horses and that he did not assume the ordinary risks incident to his employment.

At the time of injury he was 19 years old but he started breaking shetlands at the age of 12 and later broke ordinary horses. Also, he took part in rodeos for three years. Both the plaintiff and his father testified to the effect that the plaintiff knew the nature of horses and appreciated the risks involved in riding them. The evidence clearly brings out that any strange horse might have the characteristic of stepping backward, rearing up and slipping or causing the rider to fall off.

The case of Herbert v. Greenbaum, 248 Mass. 398, 143 N.E. 317, cited by the majority, is not in point on its facts since there the defendant knew the vicious nature of the horse and ordered the plaintiff to clean the horse nothwithstanding such nature.

Finally, there was no finding of negligence by the trial court, but that question is not in issue here.

SHILLINGLAW, J., concurs.

On Motion for Rehearing

LUJAN, Chief Justice, and COMPTON, Justice.

The opinion in this case was filed in December 1958, three members of the court, Chief Justice LUJAN, Justice COMPTON, with District Judge CARMODY sitting for Justice SADLER, concurring therein; two members, Justices McGHEE and SHILLINGLAW, dissenting therefrom. Thereafter, on January 1, 1959, Justice SHILLINGLAW retired from the court, his successor being the said Judge CARMODY.

Upon a consideration of the motion for a rehearing, Justice CARMODY has changed his views and now favors granting a rehearing; Chief Justice LUJAN and Justice COMPTON, on the other hand, favor denying the motion.

■ Thus, of the participating members, the court is equally divided on whether the motion should be granted. Consequently, failing a majority in favor of the motion, the motion must be denied as a matter of law. Flaska v. State, 51 N.M. 13, 177 P.2d 174; State ex rel. State Game Commission v. Red River Valley Co., 51 N.M. 207, 182 P.2d 421.

McGHEE, Justice (dissenting on motion for rehearing).

Justice SHILLINGLAW who joined in my dissent in this case has left the court and has been succeeded by Justice CARMODY who concurred in the opinion of the CHIEF JUSTICE. Justice CARMODY now believes the opinion is erroneous and that a rehearing should be granted and the judgment reversed. The CHIEF JUSTICE and Justice COMPTON are of the opinion the motion for rehearing should be denied.

Under the rule of Flaska v. State, 1946, 51 N.M. 13, 33, 177 P.2d 174, 186, a District Judge may not be called in to break the tie, with the result that, although three of the participants in the opinion disagree with the result, Justice SHILLINGLAW having joined in my dissent, and, as above stated, Justice CARMODY having changed his mind, the original opinion stands.

The finding of fact on which the case turned below and was affirmed here reads:

"At the time of his injury the plaintiff, Buck Jones Gordon had some prior experience in horsemanship, knew the dangers attendant thereon, *but was at an age of immaturity,* and lack of regard for caution." (Emphasis mine.)

There are no other supporting findings on the immaturity feature, and there is not one word of testimony from the plaintiff, or his father, who often worked horses with him, or any other witness to support the immaturity finding as it relates to horses or anything else. The answers of the plaintiff were responsive and to the point.

That part of the finding that the plaintiff had some prior experience in horsemanship is certainly supported by the record which, in turn, would have disproved a finding of

166

fact the plaintiff was immature. The record shows he had ridden horses since he was big enough to get on them; started breaking shetland broncos at 12 years of age, then graduated into breaking horses for some four years; and had considerable experience riding bucking horses in rodeos. But as the crucial finding and the judgment is based on age alone, perhaps what has just been written is surplusage.

I challenge the CHIEF JUSTICE and Justice COMPTON to produce one single case where, except for infants of tender age, age alone makes a person immature. It is stated in the opinion,

"However, it should be stated that this court is not holding as a matter of law that a person of 19 years is immature."

but that is what was held below and what was affirmed here.

As a vote of three to grant the motion for a rehearing cannot be obtained it will stand denied by operation of law, but with Justice SHILLINGLAW joining in my dissent and Justice CARMODY having changed his mind and joining in this dissent the opinion heretofore filed will not be authority for another like decision.

For the reasons stated herein as well as in my prior dissent, I dissent and say the motion should be granted, and the judgment reversed.

CARMODY, J., concurs.