*Southern District*

No. 14618

**KESLEY FERGUSON BRICK CO., INC.**

v.

**OLIVE S. SILVA**

Argued: July 28, 1970 - Decided: Aug. 11, 1970.

*Present:* Nash, P.J., Owen, Murphy, J.J.

Case tried to *Bento, J.,* in the Fourth District Court of Plymouth No. 14618.

*Owen, J.* This is an action of tort in which the plaintiff alleges that as a result of defendant's negligence, defendant's horse collided with and damaged plaintiff's motor vehicle on a public way. The defendant's answer is general denial, contributory negligence and violation of law.

*There was evidence on the part of the plaintiff that* plaintiff's motor vehicle was being operated on a two lane public way at about 5:45 P.M. The plaintiff's operator first saw the defendant's horse a few feet ahead on the right, the horse attempted to jump over the motor vehicle but landed on the roof of the vehicle and rolled off into the road. The vehicle was badly damaged, the plaintiff's operator notified the defendant who lived nearby of the accident, the plaintiff's operator just prior to the accident had come around a curve in the road travelling at 35 to 40 miles per hour near the right side of the road.

*There was evidence on the part of the defendant that* she put a leather halter on the horse on the morning of the accident and tied him

in a field near the house with a stake and chain, that after the accident the halter was undamaged, the stake was still in the ground with the chain attached and the clip on the chain undamaged and in working order, that she observed the horse from the kitchen window intermittently during the day and last observed the horse in the staked position only about fifteen minutes before the accident, the horse was friendly at all times, she saw no one go near the horse during the day, she had no knowledge of how the horse became loose but supposed someone unknown to her unclipped the horse, there were horse's hoof imprints on the side of the road where the horse apparently had tried to brake himself before the collision, there were four houses including her own in the immediate vicinity on that side of the road, the course of the road which the plaintiff vehicle travelled in the vicinity was a curve bearing to the driver's left and on the right side of the road just before entering the curve was a sign reading speed 25 MPH limit, the horse came out from the side of a neighbor's house which was next door.

The defendant duly filed seven requests for rulings.

The court found for the plaintiff and found "Defendant's requests 1, 2 and 3 not applicable to the facts of the case found by the court, Requests 4, 5, 6 and 7 are denied."

Defendant requested the court to rule:

"1. A horse on a highway is not a trespasser and if defendant's horse became loose after being properly enclosed or tethered, the defendant is not thereby negligent."

"2. The presence of defendant's horse on a street is not of itself evidence of negligence of the defendant."

These requests were ruled inapplicable to the facts of the case as found by the court.

The court made no findings of fact although such a ruling requires the court to make a finding of fact. This was error on the part of the court that would entitle the defendant to a new trial.

District Courts of Massachusetts, Rule 27;* *Barry* v. *Sparks,* 306 Mass. 80.

The plaintiff by bringing this action assumed the burden of proof of negligence on the part of the defendant. The plaintiff did not sustain its burden of proof by leaving the cause of the accident to conjecture or surmise. There is no evidence in the report of negligence on the part of the defendant.

Proper application of long settled law to the evidence by the court would have resulted in

---

* "Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed."

the allowance of defendant's requests for rulings number one and two and would have resulted in a finding for the defendant.

*Karp* v. *Whiting Milk Co.,* 308 Mass. 60; *Creeger* v. *Springfield Rendering Co.,* 293 Mass. 541; *Verna* v. *Boston Transcript,* 288 Mass. 160; *Texeira* v. *Sundquist,* 288 Mass. 93.

There was prejudicial error on the part of the court in failing to grant defendant's requests for rulings number one and two.

*It is ordered that the judgment for the plaintiff be vacated and that judgment be entered for the defendant.*

RICHARD L. PAULL
   for the plaintiff.
MARIO P. ALFIERI
   for the defendant.